ALBANY,      churcl of England." That the letters patent confirmed to
Oct. 1827.   that corporation, and to their successors for ever, the piece
Coates       of land, as and for a church-yard, cemetery and burying
v.           place, with &c., the rights, customs, fees, perquisites, pro-
The Mayor, &c.
of New York. fits, &c., as the same were then in the possession of that
             corporation. That at, and immediately after the grant, the
             land was appropriated and used by the corporation as a
             cemetery and burying place, for the interment of dead bodies
[*587]       within the same, at and for certain fees, *perquisites and
             profits, then and there charged, demanded, taken and re-
             ceived for such interments respectively, to the use and
             benefit of the corporation. That the rectors, church-war-
             dens and vestrymen of Trinity Church, are the same cor-
             poration with the one before described, having all their rights
             in respect to the *locus in quo.* That at the time when the
             dead body was interred or deposited in the vault or tomb
             mentioned, the defendant was the sexton, and in the service
             and employment of Trinity Church; and, as such, had the
             charge or custody of the vault or tomb; and with the leave
             and license of this corporation, entered and deposited the
             dead body as he lawfully might.

General demurrer and joinder.

The following causes were also on error from the same
court, upon a declaration similar to the above in each.

### THE SAME *against* THE SAME.

North Trinity    To a similar declaration, the defendant below pleaded,
Church Yard.  1. A grant of land in that part of the city to which the
             by-law related, by deed poll from the plaintiffs below,
             dated April 22d, 1703, to the rector, &c., on condition that
             the ground should be appropriated as a city burying ground;
             with a covenant that the grantees might take certain fees
             and emoluments for interments, &c.; and that it had ever
             since been appropriated according to the conditions of the
             grant, at the costs and charges of the grantees. In other
             respects, this plea was substantially the same as in the first
             cause. He also pleaded a 2d plea of seisin in fee of the
             corporation of the rector. &c., of the *locus in quo,* which

they had appropriated for more than 100 years to the pur-
poses of a city burying ground; that they granted to L. a
family burying ground in fee; and that the defendant, a
sexton, interred a deceased member of the family.

## SLACK *against* THE SAME.

In this cause the defendant below pleaded a seisin in fee,
in the rector, &c., for more than 100 years, of the *locus in
quo*, a burying ground, in which he interred as the sexton.
*And the 2d plea averred a grant of the *locus in quo* to an
individual as a family burying ground; and that the de-
fendant interred under that right.

*St. Paul's
Church Yard.*

[*588]

## STUYVESANT *against* THE SAME.

In this the pleas were substantially the same as in the 3d
cause.

Judgment for the plaintiffs below, on general demurrer
to all the above pleas, and joinder.

The four causes, involving nearly the same points were
argued together.

*G. Griffin,* for the plaintiffs in error. There was no find-
ing, or adjudication in the by-law passed by the defend-
ants in error, that it was necessary to prevent the inter-
ment of the dead in the parts of the city to which the by-
law applied: nor is there any averment of necessity in the
declaration. This is a fatal defect, both in the by-law and
the declaration. The statute, (2 R. L. 445, s. 267,) under
which the by-law professes to have been made, is guarded
and express. "If they find it necessary," the corporation
are to pass by-laws to prevent interments. Such necessity
is traversable; and not being found in the by-law, should
at least, be put forward by the declaration, in such a shape
that a jury could pass upon it. The defendants are bound
by the statute; and cannot go back to the charter. (12
John. 122.) By the statute, the corporation, could exer-
cise this power only on condition that it was necessary.

*Middle Dutch
Church Yard.*